UNITED STATES COURT OF APPEALS

**Filed 5/8/96**

TENTH CIRCUIT

---

BOBBY BATTLE,               )
                                     )
        Plaintiff,        )
                                     )
    and                     )
                                     )
OLEN KENNEDY,          )
                                     )
        Plaintiff-Appellant,     )
                                     )
    v.                   )        No. 95-7085
                                     )   (D.C. No. CV-72-95)
LARRY FIELDS, a Successor of Park    )    (E.D. Oklahoma)
Anderson,                     )
                                     )
        Defendant-Appellee.     )

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT and LOGAN, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Olen Kennedy appeals the dismissal, under 28 U.S.C. § 1915(d), of his Application for Citation for Contempt filed under the caption of this class action.  Plaintiff's application focuses on a paragraph in Battle v. Anderson, 376 F. Supp. 402 (E.D. Okla. 1974), in which the court ruled that it was the responsibility of the court "to order that all violations of federal constitutional and civil rights, and of rights and privileges secured by the laws, regulations and policies of the State of Oklahoma, cease forthwith."  Id. at 427-28.  He contends that as a member of the class he is entitled to relief based upon the decision in Battle.  The gist of his contention is that though he is serving a life sentence he is entitled to statutory and earned credits under an Oklahoma statute calculated on the basis of a forty-five-year term, which when combined with the time he has already served (since 1973) discharges his life sentence, entitling him to release from prison.  The prison officials apparently keep a record of those credits for all prisoners, but take the position that for servers of life sentences, the credits are only for consideration of the parole board; that such prisoners are never legally entitled to reduce their life sentence with such credits.

We agree with the district court that plaintiff's claims are not within the issues raised in <u>Battle</u>, which addressed conditions of confinement that allegedly violated the Constitution. The district court correctly dismissed plaintiff's claims because they are beyond the scope of <u>Battle</u> and may only be heard independent of that litigation. <u>See</u> <u>Facteau v. Sullivan</u>, 843 F.2d 1318, 1319-20 (10th Cir. 1988). Plaintiff's complaint does not state a claim cognizable in federal court, as it raises no federal constitutional question, only issues of Oklahoma law.

AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge

3